UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAMONT NASH,

            Petitioner,

v.

UNITED STATES OF AMERICA,

            Respondent.

Civil No. 15-4909 (PGS)

**MEMORANDUM ORDER**

It appearing that:

1. On June 22, 2015, Petitioner Lamont Nash ("Petitioner") filed a Petition to Vacate an Illegal Sentence pursuant to 28 U.S.C. § 2255. (Pet., ECF No. 1.)

2. In his Petition, Petitioner states that on October 16, 2014, he was sentenced to 24 months by this Court for a violation of his supervised release. *U.S. v. Nash*, Crim. Action No. 09-835 (PGS). Petitioner alleges that "in announcing the sentence, [this Court] agreed that 17-months Jail Credit shall be award [sic] for time spent in official detention." (Pet. 1.)

3. Despite this Court's alleged instruction, Petitioner argues that the Federal Bureau of Prisons ("BOP") has refused to give him jail credit for the time spent in custody. (*Id.*) As a result, Petitioner is requesting that this Court vacate its prior sentence and enter a new sentence which takes into consideration the time already served.[1] (*Id.*)

4. "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *United States v. Eakman*, 378 F.3d 294, 297 (3d Cir. 2004) (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)). Section 2255, which Petitioner utilizes here, in contrast, "is expressly limited to

---

[1] The Court notes that it appears that the second page of the Petition was not submitted, however Petitioner's arguments and the relief that he seeks are clear from the remaining pages.

challenges to the validity of the petitioner's sentence." *Eakman*, 378 F.3d at 297 (citing *Coady*, 251 F.3d at 485). Petitioner's argument that the Bureau of Prisons should have granted him 17 months of jail credit is a challenge to the execution of the sentence, and it accordingly must be brought under Section 2241.[2] *See Vega v. United States*, 493 F.3d 310, 313 (3d Cir. 2007) (challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241); *Hughes v. Slade*, 347 F.Supp.2d 821, 824 n. 3 (C.D.Cal. 2004) ("It is well established that a § 2241 petition is the appropriate vehicle to challenge the correctness of a jail-time credit determination."); *Brown v. Hughes*, 2013 WL 2096634, No. 12-4399 (D.N.J. May 14, 2013 (§ 2241 petition is proper mechanism to challenge jail credit determination).

5. Before filing any § 2241 petition, Petitioner must first exhaust his administrative remedies with the Bureau of Prisons. *Armstrong v. Grondolsky*, 341 F. App'x 828, 831 (3d Cir. 2009); *Hughes*, 347 F.Supp.2d at 824 n. 3. Even if he had done so, however, this Court would not have jurisdiction to consider the § 2241 petition because a § 2241 petition must be filed in the district where the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Since he is incarcerated at FCI Allenwood in White Deer, Pennsylvania, the proper jurisdiction for any § 2241 petition from Petitioner is the Middle District of Pennsylvania.

6. This Court will deny a certificate of appealability because Petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c). *See Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

---

[2] Even if Petitioner's request could properly be considered in a § 2255 petition, contrary to Petitioner's assertion, the Court did not make any statements regarding jail credit during sentencing. *U.S. v. Nash*, Crim. Action No. 09-835 (PGS), Sentencing Tr., ECF No. 59. Therefore, Petitioner's request that this Court enter a new sentence in order to reflect a 17 month jail credit would be denied.

THEREFORE, for the foregoing reasons,

IT IS on this 30 day of July, 2015,

ORDERED that the § 2255 Petition is DISMISSED; if Petitioner wishes to challenge the BOP's determination regarding the awarding of jail credits, he must first exhaust his administrative remedies and then file a § 2241 petition in the district of his confinement; and it is further

ORDERED that no certificate of appealibilty shall issue; and it is further

ORDERED that the Clerk of the Court shall mark this matter CLOSED.

_____
Peter G. Sheridan, U.S.D.J.